Marshall, Ch. J.,
delivered the opinion of the court, to the following effect: — In this case, the court has attentively considered the record, proceedings and evidence. The only equity of the complainant’s bill, as to Lamar and Beall, arises out of the transactions between him and the defendant, Smith, and the court is of opinion, that that equity is not supported ; and that the material allegations of the bill as to the defendant, Smith, and which vare denied by his answer, are also unsupported by the evidence. Nor are the allegations of the complainant, respecting his certificate of discharge, sufficiently proved.
By the separation of the district of Columbia from *the state of Maryland, the complainant ceased to be a citizen of that state, his residence being in the city of Washington, at the time of that separation.
As the complainant was entitled to a discharge, upon executing •deed of assignment of all his effects to the trustee appointed by tj chancellor, his certificate would relate back to the date of the de, It has been said, that the true date of that deed was the 23d of DecemJ 1800, and that the certificate of the chancellor, which states the date to b^j 23d day of March 1801, is incorrect. But the certificate of the chanc is the only evidence before the coux-t as to that subject, and we mustJ it to be true. It is, therefore, not material to inquire, whether the ixi tants of the city of Washington ceased to be citizens of Maryland ol 27th of February 1801, or on the first Monday of December 1800, atl not contended, that they were under the jurisdiction of Maryland, so la ■the 23d of March 1801.
The complainant, therefore, not being a citizen of Maryland at the tinS of executing the deed, did not bring himself within the provisions of the insolvent law, under which he claims relief.
I was inclined, at first, to think, that an account might have been directed between the complainant and the defendant, Smith, but the eo«rt is of opinion, that if he has any remedy against Smith, it is at law, and *«>»* in equity. The bill must be dismissed with costs, but without prejudice.